IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TEDRIA CASEY-ROUNDS,            )
on behalf of minor child, T.M.C.C.   )
                                )
v.                              )        No. 3:15-0013
                                )
CAROLYN W. COLVIN,              )
Acting Commissioner of Social Security   )


To: The Honorable Todd J. Campbell, District Judge


**REPORT AND RECOMMENDATION**

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final

decision of the Commissioner of Social Security ("Commissioner") denying Childhood

Supplemental Security Income ("SSI") to Plaintiff's minor child, T.M.C.C. ("Claimant"), as

provided by the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion

for judgment on the record (Docket Entry No. 16), to which Defendant has filed a response (Docket

Entry No. 18). Plaintiff has also filed a subsequent reply to Defendant's response (Docket Entry

No. 20).

Upon review of the administrative record as a whole and consideration of the parties' filings,

the Court finds that the Commissioner's determination that Claimant is not disabled under the Act

is supported by substantial evidence in the record as required by 42 U.S.C. § 405(g), and that

Plaintiff's motion for judgment on the administrative record (Docket Entry No. 16) should be

DENIED.

## I.  INTRODUCTION

Claimant's mother, Tedria Casey-Rounds, applied for SSI on behalf of Claimant, her minor

son, on September 19, 2011.  *See* Transcript of the Administrative Record (Docket Entry No. 13)[1]

at 61.  She alleged a disability onset date of October 1, 2009.  AR 61.  She asserted that Claimant

suffered from attention deficit disorder ("ADD")/attention deficit hyperactivity disorder ("ADHD")

and opposition/defiant disorder ("ODD").  AR 61.

Plaintiff's applications were denied initially and upon reconsideration.  AR 61-62.  Pursuant

to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with

counsel and testified at a hearing before ALJ Renee S. Andrews-Turner on July 19, 2013.  AR 38.

On September 6, 2013, the ALJ issued a decision unfavorable to Claimant.  AR 11-13.  On

November 4, 2014, the Appeals Council denied Plaintiff's request for review of the ALJ's decision,

AR 1-4, thereby making the ALJ's decision the final decision of the Commissioner.  This civil action

was thereafter timely filed, and the Court has jurisdiction.  42 U.S.C. § 405(g).


## II.  THE ALJ FINDINGS

The ALJ issued an unfavorable decision on September 6, 2013.  AR 11-13.  Based upon the

record, the ALJ made the following enumerated findings:

1.      The claimant was born on May 7, 2007.  Therefore, he was a preschooler on
        September 19, 2011, the date the application was filed, and is currently a
        preschooler (20 CFR 416.926a(g)(2)).

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation
"AR" followed by the corresponding page number(s).  All other filings are hereinafter referenced
by the abbreviation "DE" followed by the corresponding docket entry number and page number(s),
where appropriate.

2.      The claimant has not engaged in substantial gainful activity since September 19, 2011, the application date (20 CFR 416.924(b) and 416.971 *et seq.*).

3.      The claimant has the following severe impairments: attention deficit hyperactivity disorder and oppositional defiant disorder (20 CFR 416.924(c)).

*****

4.      The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

5.      The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a).

*****

6.      The claimant has not been disabled, as defined in the Social Security Act, since September 19, 2011, the date the application was filed (20 CFR 416.924(a)).

AR 17-32.

# III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

# IV. DISCUSSION AND CONCLUSIONS OF LAW

## A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner

is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir.1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and final determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g., Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B. Determining Disability at the Administrative Level**

Section 1614(a) (3)(C)(i) of the Social Security Act provides that an individual under the age of eighteen is disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). Pursuant to 20 C.F.R. § 416.924, the ALJ must apply a three-part test to evaluate a child's disability: (1) whether the child is working; (2) whether the child has a severe medically determinable impairment; and (3) whether the child has an impairment that meets, medically equals, or functionally equals a listed impairment.

A child may also be found to be disabled if he has "a severe impairment or combination of impairments that does not meet or medically equal any listing . . . [but] results in limitations that functionally equal the listings." 20 C.F.R. § 416.926a(a). In other words, the impairment or impairments "must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." *Id.* A "marked" limitation is, generally, an impairment that "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2). An "extreme" limitation is an impairment that "interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities" or is "more than marked." 20 C.F.R. § 416.926a(e)(3). A child's functioning is assessed by considering how the child functions in his activities with respect to six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well being. 20 C.F.R.

§ 416.926a(b)(1). Each of these domains is assessed based on the age of the child–in this case, preschool children, ages 3 to 6. 20 C.F.R. § 416.926a(h)(2)(iii).

In the instant case, the ALJ found that Claimant has marked limitation under the "interacting and relating with others" domain, less than marked limitation under the "attending and completing tasks" domain, and no limitations under the remaining domains. Because the ALJ found that Claimant did not have marked limitations in two domains of functioning, nor an extreme limitation in any of the domains, it was determined that Claimant is not disabled.

**C. Plaintiff's Assertions of Error**

**1. The ALJ did not properly evaluate opinion evidence, and therefore her determination that Plaintiff's condition does not functionally equal one of the listings found in 20 C.F.R. Part 404, Subpart P, Appendix 1 is not supported by substantial evidence.**

Plaintiff's first assertion of error claims that the ALJ failed to properly evaluate the opinion of Claimant's treating physician, Dr. Crystal Vernon. DE 17 at 19-22. Plaintiff argues that the ALJ did not properly consider Dr. Vernon's opinion "in light of the treating relationship and the consistency and supportability of [her] opinion with the evidence of record . . . ." *Id*. at 21. Plaintiff claims that Dr. Vernon treated Claimant on multiple occasions and was "well apprised" of his behavior issues. *Id*. Plaintiff further claims that Dr. Vernon's opinion is consistent with the opinion provided by Alexandra Smith, psychologist, and Rebecca Townsend, psychological examiner, both of whom opined that Claimant's ability to concentrate and make academic decisions was "markedly limited."[2] *Id*. at 21-22; AR 302-03. Their report also states that Claimant has marked limitations

---

[2] This opinion consists of a single report authored by both individuals. For purposes of clarity, the Court will refer to this single opinion as the psychological examiner's opinion.

with his social interaction and his ability to "maintain situation appropriate and socially acceptable behaviors." AR 302-03. Plaintiff argues that Dr. Vernon's opinion, which holds that Claimant has marked limitations in at least two domains, is therefore consistent with the record and was improperly discounted by the ALJ. DE 17 at 22.

Defendant responds that the ALJ properly discounted the opinion of Dr. Vernon based on her failure to establish "treating physician status." DE 18 at 8. Defendant notes that although Dr. Vernon was Claimant's primary care physician, she did not treat Claimant for the mental health symptoms alleged in this case. *Id*. Defendant also notes that while the ALJ rejected parts of Dr. Vernon's opinion, the findings contained in her opinion "are not completely at odds with Dr. Vernon's assessment," as demonstrated by the ALJ's agreement with Dr. Vernon that Claimant has a marked limitation in interacting and relating with others. *Id*.; AR 28-29.

20 C.F.R. § 416.927(c)(2) explains the process by which medical opinions are evaluated:

[W]e give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

Paragraphs (c)(2)(i) and (c)(2)(ii) state that more weight will be given to a treating source who has treated the claimant frequently and who specializes in the condition asserted by the claimant. 20 C.F.R. § 416.927(c)(2)(i)-(ii).

Dr. Vernon completed a childhood disability evaluation form on January 8, 2013. AR 505-06. She opined that Claimant had "marked" limitations in three out of the six domains: (1) acquiring and using information, (2) attending and completing tasks, and (3) interacting and relating with others. AR 505. She found no evidence of any limitation with respect to the remaining three domains. When prompted to cite evidence in support of her opinion, Dr. Vernon stated the following:

> I met with [Claimant's mother] on one occasion related to [Claimant's] behavior concerns. This is likely of some neuropsychotic origin. [Plaintiff] sees specialists who may better be able to quantify the degree of impairment. I have referred [Claimant] as well for further testing to better delineate the actual final diagnosis.

AR 506. As such, Dr. Vernon provided her opinion that Claimant had "marked" limitations in the three domains *before* referring Claimant for additional testing to determine the extent of his impairment. Accordingly, the ALJ discounted the opinion of Dr. Vernon based on her unfamiliarity with Claimant's asserted condition:

> The undersigned gives little weight to the assessment from Dr. Vernon, the claimant's primary care provider . . . . In her assessment, Dr. Vernon stated that she had only seen the claimant on one occasion related to his behavior. Her records reflect that she actually discussed the claimant's behavior with [Plaintiff] on two occasions. Nevertheless, Dr. Vernon did not perform any mental evaluations of the claimant, and she recommended that he undergo evaluation in order to determine a final diagnosis regarding his condition.

AR 25. As noted above, Dr. Vernon, a pediatrician, referred Claimant to a specialist who would be in a position to "quantify the degree of [Claimant's] impairment." AR 506. Plaintiff argues that

Dr. Vernon's decision to refer Claimant to a specialist "does not negate her professional observations and opinions based upon interactions with the [Plaintiff] and her professional expertise." DE 17 at 21. The Court agrees that Dr. Vernon's opinion should not be dismissed solely based on her referral to a mental health specialist. If Dr. Vernon had not referred Claimant to a specialist, and had instead made a diagnosis based solely on her personal observations, the ALJ would have been in a position to discount Dr. Vernon's diagnosis based on her lack of speciality with respect to behavioral issues.

Nevertheless, the Court finds no error in the weight given to Dr. Vernon's opinion by the ALJ. The Court agrees with Defendant that Dr. Vernon is not entitled to "treating physician status," DE 18 at 8, based on the nature of her treatment of Claimant. Despite Plaintiff's claim that Dr. Vernon had treated Claimant on "multiple occasions," DE 17 at 21, the ALJ noted in her opinion that Dr. Vernon had only addressed Claimant's behavioral problems on two occasions. AR 25. Additionally, while Dr. Vernon's lack of specialty in childhood behavioral problems is not a basis for dismissing her opinion outright, it does support the ALJ's refusal to view Dr. Vernon's opinion as the controlling opinion with regard to Claimant's behavioral issues. Furthermore, as discussed *supra*, Dr. Vernon provided her opinion regarding the extent of Claimant's impairment, then proceeded to refer Claimant for additional testing to determine the extent of his impairment. AR 505-06. This clearly indicates that Dr. Vernon did not intend for her opinion to represent the final medical pronouncement with respect to the severity of Claimant's condition.

Plaintiff argues, however, that Dr. Vernon's opinion is consistent with other medical evidence, including the report of psychological examiner Rebecca Townsend, affirmed by psychologist Alexandra Smith, which held that Claimant demonstrated marked limitations in his ability to recall detailed instructions, concentrate, and make academic-related decisions, as well as

marked limitations with respect to his social interaction. DE 17 at 21-22; AR 302. The ALJ

discussed each of these findings in her opinion, including her agreement with the psychological

examiner's opinion that Claimant demonstrated marked limitations with respect to social interaction

and his ability to maintain situation-appropriate and socially acceptable behaviors, AR 29, which

falls under the domain of "interacting and relating with others." 20 C.F.R. § 416.926a(h). The ALJ

thus found that Claimant's impairment satisfied the "marked" limitation requirement for this domain.

AR 29.

However, the ALJ disagreed with the psychological examiner's opinion that Claimant

showed marked limitations in two other domains, "acquiring and using information" and "attending

and completing tasks." AR 26-28. The ALJ acknowledged the psychological examiner's opinion

that Claimant had marked limitations in his ability to recall detailed instructions and make academic-

related decisions, AR 26, which falls under the "acquiring and using information" domain, 20 C.F.R.

§ 416.926a(g), but found that this opinion was not supported by the overall evidence regarding

Claimant's ability:

> [H]e passed his classes, and [Claimant's mother] reported that he knew his letters and
> colors and that he could count to twenty, tell a story from pictures, use complete
> sentences, discuss things and activities that had happened in the past, and ask what
> words meant. Additionally, it was noted that the claimant could use scissors and
> draw.

AR 26-27. Additionally, a psycho-educational evaluation performed in November of 2012

demonstrated that Claimant's "Composite Intelligence Index" was "in the Average range, and within

typical limits." AR 433, 436. Claimant's "[m]easured cognitive ability" was also found to be within

the average range. AR 439. Notably, a January 17, 2013 case management record indicates that

Claimant was honored during an award ceremony for receiving good grades. AR 518. The Court

therefore finds that substantial evidence supports the ALJ's finding that Claimant has no limitation in acquiring and using information.

The ALJ also disagreed with the psychological examiner's opinion that Claimant showed marked limitations in attending and completing tasks. AR 27. The psychological examiner found that Claimant demonstrated marked limitations in his ability to concentrate, stating that he "appeared to deliberately not listen to instructions and do what he felt he could do." AR 302. While Plaintiff essentially quotes the psychological examiner's report in her memorandum, DE 17 at 21-22, she fails to address evidence in the record that contradicts this report. For example, the ALJ noted that despite alleged problems with concentration, Claimant was "still able to make good grades," AR 27, as documented in a case management report from February of 2013.[3] AR 511. Claimant is also able to put puzzles together. AR 27, 58-59. The ALJ further noted that Claimant enjoyed being a "classroom helper," AR 27, which is supported by Claimant's demonstrated eagerness to clean up his toys and tie his shoes when prompted by his school teacher. AR 452. The ALJ also noted that Claimant's concentration improved with medication and that recent medical records indicated an improvement in his ability to follow directions. AR 27-28, 159, 532-33.

While Plaintiff has demonstrated some level of impairment with respect to Claimant's ability to concentrate, as indicated by the psychological examiner's report, there is substantial evidence in the record to support the ALJ's finding that Claimant's limitation does not reached the "marked" level required by 20 C.F.R. § 416.926a(a). As explained by the ALJ:

> Overall, the evidence shows that the claimant's main problems have been his aggressive behavior. However, despite his behavioral problems, he performed well

---

[3] Plaintiff confirmed that Claimant passed kindergarten and was preparing to enter the first grade at the time of the hearing. AR 52, 54-55.

in school.  Additionally, his behavior improved after he started kindergarten. Despite some ongoing behavioral problems, the claimant interacted better with his teacher and peers and made good grades.

AR 25.  Based on the foregoing evidence, the Court finds no error in the ALJ's decision to discount the opinion of Dr. Vernon.

### 2.  The ALJ's credibility determination is unsupported by substantial evidence.

Plaintiff next contends that the ALJ's finding that the statements concerning the extent of Claimant's symptoms were "not entirely credible" is unsupported by substantial evidence.  DE 17 at 22, AR 20.[4] Plaintiff argues that the ALJ "performed no actual analysis" of the factors listed in 20 C.F.R. § 416.929(c)(3) in her evaluation of the intensity and persistence of Claimant's alleged symptoms.  *Id*. at 23.  Plaintiff notes that the factors to be considered under 20 C.F.R. § 416.929(c)(3) include the following: (1) a claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken by the claimant; (5) the treatment, other than medication, received by the claimant to relieve symptoms; (6) any other measures the claimant has used to relieve symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to symptoms.  20 C.F.R. § 416.929(c)(1)(i)-(vii).

As an initial matter, Defendant correctly notes that the Court must accept an ALJ's determination as to credibility as long it includes "substantial, legitimate evidence to support [her] factual conclusions."  *Ulman v. Comm'r of Soc. Sec*., 693 F.3d 709, 714 (6th Cir. 2012).  The issue

---

[4] Plaintiff incorrectly cites to AR 25.

for the Court is therefore whether the ALJ's determination is supported by substantial and legitimate

evidence.

Plaintiff argues that the ALJ failed to consider relevant records documenting Claimant's

hyperactivity and aggressiveness despite increases in his medication dosage. DE 17 at 23. The

Court does not agree with this assertion, as the ALJ specifically discussed such behavioral issues in

her opinion:

> The claimant's behavior has been his biggest problem[]. The psychological
> consultative examiner opined that he had marked limitations in social interaction and
> in his ability to maintain situation-appropriate and socially acceptable behaviors.
> This is largely consistent with other evidence, which reflects several instances of the
> claimant acting our aggressively towards teachers and peers, including his siblings.
> He was kicked out of daycare for his behavioral problems and he received numerous
> disciplinary actions between August 2012 and March 2013.

AR 29. This demonstrates that the ALJ considered the medical records pertaining to Claimant's

aggressive behavior. As previously discussed, the ALJ also found that Claimant has a "marked

limitation" with respect to the "interacting and relating with others" domain under 20 C.F.R.

§ 416.926a(b)(1). AR 29. The ALJ specifically referenced numerous records showing Claimant's

hyperactivity and aggression in support of this finding. AR 20-25. Plaintiff's contention that the

ALJ failed to consider treatment notes involving Claimant's aggressive behavior is therefore

rejected.

Plaintiff further contends that the ALJ failed to consider records showing that Claimant

required counseling and an Individualized Education Program ("IEP") at school. DE 17 at 23.

However, the ALJ discussed counseling, the IEP, and the behavioral plans implemented for Claimant

13

multiple times in her opinion. AR 20, 22. 24.[5]  The ALJ also pointed to evidence that Claimant was

doing well at school and that his medication was generally effective with regard to his attentiveness.

AR 22, 159, 429.  Of note, the ALJ also discussed records documenting inconsistency in the

administration of Claimant's medication by his mother.  AR 22, 425.  Such evidence contradicts

testimony by Plaintiff that she gives Claimant his medication "[e]very day faithfully," including on

the weekends.  AR 48-49.  The ALJ also noted that one of Claimant's daycare teachers indicated that

Claimant's behavior was acceptable and occasionally "fine" when he was not in the presence of his

mother.  AR 21, 415.  Furthermore, the ALJ referenced a statement by Plaintiff to a case manager

that a new medication regimen had improved Claimant's behavior "tremendously," despite the case

manager's observations that same day that Claimant continued "skating in the house, running from

room to room, yelling, and hitting his little sister," and that Plaintiff was "still yelling and threatening

[Claimant] to obey."  AR 21, 418.  Additionally, the ALJ cited records indicating that as of April 2,

2013, Claimant was taking his medication and attending school with no issues, and that he "was able

to interact with peers and participate in classroom activity."  AR 25, 507.  The Court finds that these

examples referenced in the ALJ's opinion represent ample evidence to support the ALJ's finding that

Plaintiff's claims regarding the extent of Claimant's symptoms were not entirely credible.

The Court also notes that although 20 C.F.R. § 416.929(c) requires the ALJ to evaluate the

intensity and persistence of a claimant's symptoms after a medically determinable impairment has

been established, the ALJ is not required to discuss in writing each individual record:

> [A]n ALJ can consider all the evidence without directly addressing in [her] written
> decision every piece of evidence submitted by a party.  Nor must an ALJ make

---

[5] The ALJ also noted that Claimant's mother was not receptive to Dr. Vernon's initial
recommendation for counseling and behavioral intervention.  AR 20, 293-94.

explicit credibility findings as to each bit of conflicting testimony, so long as [her]factual findings as a whole show that [she] implicitly resolved such conflicts.

*Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)). As such, the Court finds that there is substantial evidence to support the ALJ's determination regarding Plaintiff's credibility.

## V.  RECOMMENDATION

For the above stated reasons, it is recommended that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 16) be DENIED and that the Commissioner's decision be affirmed.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully Submitted,

BARBARA D. HOLMES
United States Magistrate Judge